# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 8, 2010

No. 09-60316

Charles R. Fulbruge III
Clerk

U-SAVE AUTO RENTAL OF AMERICA INC,

      Plaintiff - Appellee

v.

KATHY FURLO; JENNIE T VALDES; VFB INC,

      Defendants - Appellants

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 4:05-CV-117

Before JOLLY and DENNIS, Circuit Judges, and BOYLE, District Judge.[*]

PER CURIAM:[**]

      This appeal challenges the district court's resolution of a dispute between Kathy Furlo, Jennie Valdes, and VBF, Inc. (collectively, the Furlos) and U-Save Auto Rental of America, Inc. (U-Save). On a motion by U-Save, the district court compelled arbitration pursuant to the arbitration provision found in the parties' franchise agreement. Later, again on a motion by U-Save, the same court

---

[*] District Judge, Northern District of Texas, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-60316

confirmed the arbitrator's award.  The Furlos primarily appeal the district court's September 2007 order compelling arbitration, the district court's September 2008 order confirming the arbitrator's award under § 9 of the Federal Arbitration Act (FAA), and its March 2009 order denying reconsideration. We AFFIRM the district court for the following reasons.

(1)  We need not consider whether it was improper for the district court to compel arbitration before ruling on the Furlos' argument that the arbitration clause was void for public policy.   The arbitration clause could only be void for public policy if the choice-of-law provision denied the Furlos' causes of action under Florida law without providing access to a reasonable substitute.  We find that it did not.   Thus, any error that might have occurred in compelling arbitration before ruling on the public policy argument was harmless.[1]

(2) The district court properly asserted jurisdiction over the motion to confirm the arbitrator's award based on diversity because the amount in controversy well exceeded the $75,000 requirement.   The Furlos did not challenge this determination when U-Save moved to compel arbitration.  Once the district court determined its jurisdiction for the purpose of ordering arbitration, it properly could retain jurisdiction to resolve any issues stemming from its order, including the enforcement of the award.  That the arbitrator ruled in favor of U-Save and awarded zero damages does not change the fact that at

---

[1] The Furlos also argued that the district court erred by compelling arbitration pursuant to the arbitration provision in the franchise agreement because this provision was modified or supplanted by the agreement to arbitrate entered by the parties when U-Save first brought an action to compel arbitration.  According to the Furlos, this truncated agreed order sending the parties to arbitration was intended to make their Florida claims cognizable despite the choice-of-law language in the original arbitration agreement suggesting otherwise. Accordingly, by compelling arbitration pursuant to a contractual provision that had since been supplanted by the agreed order, the district court exceeded its powers under § 4 of the FAA. 9 U.S.C. § 4.  This argument is baseless.  As the district court explained, the only reasonable way to read the agreed order is as an agreement to arbitrate pursuant to the arbitration provision in the franchise agreement.

No. 09-60316

the time the district court asserted its jurisdiction over this cause, the amount in controversy exceeded the jurisdictional requirements.

(3) The Furlos argue that the arbitration agreement was made enforceable by the common law of Mississippi and that under Mississippi common law they had a right to revoke the agreement at any time prior to the entry of an award. They point out that they moved to revoke the arbitration before the arbitrator entered an award, but the arbitrator rejected their revocation. On appeal, the Furlos argue that it was error for the district court to confirm an award made after such a revocation. We need not address whether the common law doctrine of revocation is still good law in Mississippi. It is clear that the arbitration agreement at issue in this case was made enforceable by virtue of the FAA and the FAA does not permit this alleged revocation.

(4) All of the Furlos' other arguments—most of which allege errors by the arbitrator—are frivolous when viewed in the light of the limited judicial review of arbitration awards available under the FAA. *See* 9 U.S.C. §§ 10, 11.

AFFIRMED.